IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
CASE NO.: 0:21-cv-60793-AHS

SHARILYNE ANDERSON and

VERA MELNYK

    Plaintiff,

vs.

GURMEET AHLUWALIA,

NIEL HESELTON, DYNAMIC YACHT

MANAGEMENT, L.L.C., and DREAM

HOLDINGS LTD, NIGEL BURGESS, INC.

*in personam,*

    Defendants                    /

## **DEFENDANT DREAM HOLDINGS LTD'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS**

> Christopher R. Fertig
> Florida Bar No. 218421
> Chris.fertig@fertig.com
> Darlene M. Lidondici
> Florida Bar. No. 516521
> Email: dml@fertig
> **FERTIG & GRAMLING**
> 200 Southeast 13th Street
> Fort Lauderdale, FL 33316
> Tel. (954) 763-5020
> Fax (954) 763-5412
> *Attorney for Defendant Dream Holding Ltd*

COME NOW the Defendant DREAM HOLDINGS LTD by and through its undersigned counsel and file this Reply to Plaintiffs' Response Defendants' Motion to Dismiss as follows:

This action was instituted by Plaintiffs for compensation for this discomfort experienced during a charter voyage in the Bahamas in December of 2020 on board the 196' M/Y Dream. Because of the weather and seas encountered during the winter cruise in the Bahamas Plaintiffs became sea sick and were unable to disembark the vessel at alternative ports prior its return to Nassau. As a result, Plaintiffs have alleged the tort claims of Negligence, False Imprisonment, and Intentional Infliction of Emotional Distress against Dream Holdings and several other defendants seeking five million dollars in damages for each Plaintiff.

Dream Holdings Ltd, a foreign corporation organized under the laws of the Cayman Islands and owner of them M/V Dream a vessel registered in the Cayman Islands, is one of the Defendants to the action and has moved to dismiss the action asserting it is not subject to the Court's jurisdiction as it is a foreign corporation which does not operate, conduct, engaging in, or carry on a business or business venture in this state.  The Motion to Dismiss asserts the Complaint fails to state a cause of action against the Defendant as it lacks factual predicates to establish personal jurisdiction over the Defendant and lacks factual assertions to support its tort claims against Dream Holdings.

In response to the motion Plaintiffs assert Dream Holdings has an agent in Florida and the fact of that agency is sufficient to support a finding of general and specific personal jurisdiction for torts occurring outside of the state of Florida.

**Jurisdictional Facts**

The Defendant Dream Holdings submitted the Declaration of its Director establishing Dream Holding does not engage in business in Florida, does not have employees, does not provide services, does not receive revenue from the state of Florida and does not have a bank account in Florida.

Plaintiffs in response failed to carry its burden of proof to establish jurisdiction by affidavits of other competent evidence.  Plaintiffs rely upon its unsworn Complaint and a single affidavit of an investigator relying upon hearsay.

> "If the defendant is able to refute personal jurisdiction by sustaining its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate its jurisdictional allegations through affidavits, testimony, or other evidence of its own." Id. (citing Future Tech.

Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)). "[W]hen the plaintiff offers no competent evidence to the contrary, 'a district court may find that the defendant's unrebutted denials [are] sufficient to negate plaintiff's jurisdictional allegations.'" *Noble House, LLC v. Underwriters at Lloyd's*, CASE NO. 20-62080-CIV-SINGHAL/VALLE, 2021 U.S. Dist. LEXIS 46007, *6, 2021 WL 896219 (S.D. Fla 2021)

Defendant Dream Holdings submitted a sworn Declaration of Gurmeet Ahluwalia, manager member of Dynamic Yacht Management, LLC controverting the unsworn allegation of the Plaintiffs' Complaint and hearsay Affidavit. Mr. Ahluwalia recites:

Contrary to the unsworn allegations contained in the Complaint (paragraphs 7, 12, 14, 17, 19, 20, 21) neither Dynamic Yacht Management nor Gurmeet Ahluwalia markets the Dream for Charter. (Ahluwalia ¶ 4)

Contrary to the unsworn allegations contained in the Complaint (paragraphs 9, 11, 26-27, 41, 72, 79-82) neither Dynamic Yacht Management nor Gurmeet Ahluwalia hires, directs or manages the DREAM's Crew. (Ahluwalia ¶ 5) The Dream's Captain hires, directs and manages the DREAM's Crew. (Ahluwalia ¶ 6) Captain Heselton is a British Citizen employed by Dream Holdings, LTD not Dynamic Yacht Management. (Ahluwalia ¶ 7)

Contrary to the unsworn allegations contained in the Complaint (paragraph 14) Dream Holdings was not acting in a management, hiring, master, or directive capacity of the ship's captain, Dynamic Yacht Management or Ahluwalia. (Ahluwalia ¶ 8) The Captain is master of the vessel and in full control of the management of the vessel and crew during the Melnyk charter as is consistent with the duties of the Captain of a commercial vessel. (Ahluwalia ¶ 9) The actions of the crew were not directed by Dynamic Yacht Management, Gurmeet Ahluwalia or Dream Holdings during the Melnyk Charter. (Ahluwalia ¶ 10)

At no time did the Yacht Dream leave Bahamian Territorial waters during the Melnyk Charter or enter the high seas during the Melnyk charter. (Ahluwalia ¶ 14, 15) The M/Y Dream did not enter U.S. waters during the Melnyk charter. (Ahluwalia ¶ 16)

None of the passengers on the Melnyk charter were Citizens of the United States. (Ahluwalia ¶ 17) None of the passengers on the Melnyk charter were residents of the State of Florida. (Ahluwalia ¶ 18)

The Yacht Dream has a draft of 3.65 m / 12 ft. (Ahluwalia ¶ 19) Standing Orders for the yacht is to maintain 4 feet clearance under the keel when cruising. (Ahluwalia ¶ 20) The route

requested by the Charterer from Green Cay to Powell Point Eleuthera across the Bahamas Bank did not have sufficient water depth for the Yacht Dream to safely navigate to the location where Plaintiff Vera Melnyk joined the vessel. (Ahluwalia ¶ 21)

Contrary to the unverified and unreliable hearsay Sworn Declaration of Holohan, the M/Y was in the Bahamas not Florida on the date of his Declaration. (Ahluwalia ¶ 22) Nor were the facts contained in his Affidavit accurate. The M/Y Dream was in Florida only for the dates below:

  a. March 27 to May 23
  b. July 11 to July 21
  c. October 3 to October 14
  d. November 11 to November 29  (Ahluwalia ¶ 23)

The purpose for the M/Y Dream docking in Florida on the dates listed above was for repair and necessaries. (Ahluwalia ¶ 24) The M/Y Dream was not engaged in any commercial activity while in Florida for repairs. (Ahluwalia ¶ 25)

The M/Y Dream has never engaged in any commercial activity Florida. (Ahluwalia ¶ 27) The M/Y Dream does not generate any income or obtain any pecuniary benefit from Florida operations. (Ahluwalia ¶ 28) All commercial activity of the M/Y Dream occurs in non-U.S. waters. (Ahluwalia ¶ 29)

M/Y Dream spent significantly more time in the Bahamas (196 days) than Florida (96 days). M/Y Dream's cruising history for the last year. **(**Fort Lauderdale 96 days): (Bahamas – Cruising 37 days); (Bahamas -Freeport 101 days); (At Sea + Bahamas Cruising 58 days); (at Sea 21 days) (NY/New England – Cruising 67 days); (USVI 18 days); (BVI 10 day); (St. Maarten 4 days); St. Bart's 5 days). (Ahluwalia ¶ 26)

Dynamic Yacht Management is not under the control of Dream Holdings. (Ahluwalia ¶ 30) At all relevant times, Dynamic Yacht Management signed only foreign charter agreements on behalf of Dream Holdings. All charters commenced and terminated in non-U.S. ports. No charter enters Florida waters. (Ahluwalia ¶ 31) At all relevant times, Dynamic Yacht Management never signed any Florida charter agreements on behalf of Dream Holdings. (Ahluwalia ¶ 32) Dream Holdings is not the sole client of Dynamic Yacht Management. Dynamic Yacht Management actively manages 10 other vessels. (Ahluwalia ¶ 33)

Dynamic Yacht Management never received a complaint against Captain Heselton from a charterer prior to or after the Melnyk Charter. (Ahluwalia ¶ 34) Dynamic Yacht Management is

unaware of any complaint relating to Captain Heselton's employment or services prior to Captain Heselton serving as Captain on the Dream. (Ahluwalia ¶ 35)

**General Jurisdiction is not Established**

To establish general jurisdiction the Plaintiff must show that the Defendant engaged in substantial activity in the state. Plaintiff's response in opposition to the Motion to Dismiss fails to satisfy this requirement. It has failed to demonstrate commercial activity with competent evidence.

> [U]nder Florida's long-arm statute, "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2) (2020). Under the U.S. Constitution, a "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman,* 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)). A corporation's place of incorporation and its principal place of business are generally the only "limited set of affiliations with a forum [that] will render a defendant amenable to all-purpose jurisdiction there." Id. at 137

*Noble House LL. V Underwriters at Lloyds, CASE NO. 20-62080-CIV-SINGHAL/VALLE ,* 2021 U.S. Dist. LEXIS 46007 *7-8; 2021 WL 896219 ( S.D. Fla. 2021)

Because Florida's long-arm provision "extends to the limits on personal jurisdiction imposed by the Due Process Clause," the court "need only determine whether the district court's exercise of jurisdiction over [Union Carbide] would exceed constitutional bounds." *Carmouche,* 789 F.3d at 1204 (internal quotation marks omitted). *Waite v. AII Acquisition Corp*., 901 F.3d 1307, 1316, 2018 U.S. App. LEXIS 23772, *18, 27 Fla. L. Weekly Fed. C 1232, 2018 WL 4016374. Plaintiffs cannot satisfy the due process requirements for exercise of general jurisdiction.

> "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations," without offending due process "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (quoting *Int'l. Shoe Co.*, 326 U.S. at 317). But, as the Supreme Court recently reiterated in *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014), "only a limited set of affiliations with a forum" will render a defendant at home there. The "paradigm all-purpose forums" in which a corporation is at home are the corporation's place of incorporation and its principal place of business. *Id.* Outside of these two exemplars, a defendant's operations will "be so substantial and of such a nature as to render the corporation at home in that State"

> only in an "exceptional case." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017) (internal quotation marks omitted).

*Id.@1317*

The Plaintiffs fail to show by competent admissible evidence that the Defendant engaged in business in the State at the time of the filing of the Complaint.

> "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." Id. (citing Borg-Warner, 786 F.2d at 1057; Hall, 466 U.S. at 412-13). General personal jurisdiction occurs in "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." International Shoe, 326 U.S. at 318. The Supreme Court has established that general jurisdiction over corporations is mostly limited to either the place of incorporation or its principal place of business.6 See Daimler AG v. Bauman, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014) ("Those [two] affiliations have the virtue of being [*13] unique—that is, each ordinarily indicates only one place—as well as easily ascertainable.")

*Goode v. Celebrity Cruises, Inc.,* 2017 U.S. Dist. LEXIS 160752, *12-13 (S.D.Fla 2017)

The Plaintiffs' response in opposition does not present competent credible evidence the prospective Defendant is at home in the state of Florida to find general jurisdiction is present. The yacht spends significantly more time in the Bahamas than Florida. The yacht derives income from charters in the Bahamas, not Florida. Florida contacts are limited to repairs.

The magazine article regarding the refurbishing of the vessel involves events and activities occurring in 2012. The Complaint was filed in 2021 nine years later. Personal jurisdiction is not predicated upon distant historical activity. See *Waite v. AII Acquisition Corp., Case No. 15-cv-62359-BLOOM/Valle,* 2016 U.S. Dist. LEXIS 63472, *21 ( S.D. Fla. 2016) in which the Court found merit to the argument that older contacts with the state are not proper to consider in the instant determination. Plaintiffs have not introduced competent admissible evidence of activities of the Defendant in the last nine years to support the existence of an ongoing systematic presence in Florida.

> As a rule, district courts considering general jurisdiction cases should examine a defendant's contacts with the forum state over a period that is *reasonable* under the circumstances--up to and including the date the suit was filed--to assess whether they satisfy the "continuous and systematic" standard. See Metropolitan Life Insurance Co. v. Robertson-Ceco Corp, 84 F.3d 560, 569 (2nd Cir. 1996)(cited approvingly in Woods, 739 So. 2d at 621, n.1 (Fla. 4th DCA 1999). The determination of what period is reasonable in the context of each case should be left to the court's discretion. See Id.;

see also Wilson v. Belin, 20 F.3d 644, 650-51 (5th Cir.) (examining defendant's contacts with forum state over five-year period in assessing minimum contacts for general jurisdiction purposes), cert. denied, 513 U.S. 930, 115 S. Ct. 322, 130 L. Ed. 2d 282 (1994); Bearry v. Beech Aircraft Corp., 818 F.2d 370, 374 (5th Cir. 1987)(analyzing defendant's contacts with forum state over five-year period in general jurisdiction case); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1329, 1330-31 (9th Cir. 1984) (examining defendant's contacts over three-year period in connection with general jurisdiction inquiry).

*U.S. v. Subklew*, Case No. 00-3518-CIV-GRAHAM; 2001 U.S. Dist. LEXIS 9518, 2001 WL 896473, at *3 (S.D. Fla. June 5, 2001**)**

The so called evidence of the presence the vessel in Florida is not determinative of activity of the Defendant. The Affidavit of Holohan is inadmissible hearsay not subject to any exception and therefore cannot be considered by the court in its determination. The Ahluwalia rebuttal declaration details the M/Y Dream's actual movements and establishes the vessel was only present in Fort Lauderdale for service or repairs. The presence of the vessel in a shipyard or marina for repairs or service does not constitute engagement of business in Florida for pecuniary benefit by the Defendant and does not constitute the presence of the Defendant in the jurisdiction sufficient to give rise to jurisdiction.

To establish a court's specific jurisdiction under § 48.193(1)(a), however, a nonresident defendant's activities "must . . . show a general course of business activity in the State for pecuniary benefit." Dinsmore v. Martin Blumenthal Assocs., 314 So. 2d 561, 564 (Fla. 1975) [**12] (emphasis added) (construing materially identical statutory language in Florida's service-of-process statute, Fla. Stat. § 48.181(1)). 8

J&B Tours' business activities in Florida boil down to purchases, visits, and advertising. A purchase of goods or services inures to the seller's pecuniary benefit, not to the purchaser's. Cf. Future Tech. Today, Inc. v. OSF Healthcare Sys., 106 F. Supp. 2d 1278, 1281 (S.D. Fla. 1999) ("The contract with plaintiff was not for defendant's pecuniary benefit in any direct sense. . . . [T]he immediate pecuniary interest to the defendant was the expenditure in excess of $ 800,000 paying for plaintiff's services."), aff'd, 218 F.3d 1247 (11th Cir. 2000)

*Fraser v. Smith,* 594 F.3d 842, 848(11th Cir 2010)

Fort Lauderdale is known as the Yachting Capital of the World due to its many shipyards and skilled marine artisans. To confer jurisdiction over a yacht that is in port for repairs would have a chilling effect on South Florida's economy and is contrary to the finding in the *Fraser* case.

The existence of a contractual agreement with Defendant Dynamic is insufficient to give rise to general jurisdiction. As noted by this Court in *Noble House, LLC v. Underwriters at*

*Lloyd's,* " the Eleventh Circuit has held that "the existence of a contract between the foreign defendant and a resident of the forum state" does not "automatically amount to 'purposeful availment.'" *Noble House, LLC , supra .@* *10.

The activities of the agent or sales and marketing efforts in Florida referenced in the response are not sufficient to establish general jurisdiction. Sales and marketing are not functions of Dynamic Yacht Management. These functions are delegated to the charter manager Burgess.

> The Eleventh Circuit has made clear that sales and marketing efforts, even together with holdings and operations in Florida, are insufficient to render a nonresident [*22] company at home in Florida. Likewise, Union Carbide's invocation of Florida law and its maintenance of a registered agent in Florida are not activities that closely approximate those ordinarily characterizing a corporation's place of incorporation or principal place of business. *See, e.g., Virgin Health Corp. v. Virgin Enterprises Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010) ("Nor does general jurisdiction apply to [defendant] because it filed an infringement suit in the Southern District of Florida in 2006."). Certainly, Plaintiffs have presented no evidence suggesting that Union Carbide has any subsidiaries based in Florida — and, even if they had, that fact alone would not suffice for the exercise of general jurisdiction. *See, e.g., Daimler*; *Schulman*. Ultimately, the evidence presented does not persuade the Court that Union Carbide's contacts with Florida are of such a magnitude or nature as to constructively render it at home here.

*Waite v. AII Acquisition Corp.,* Case No. 15-cv-62359-BLOOM/Valle,2016 U.S. Dist. LEXIS 63472, *21-22 ( S. D. Fla 2016)

The Plaintiffs' reliance upon *Chase v Folz*, CASE NO. 9:19-CV-80476-ROSENBERG/REINHART; 2019 WL 2451257 ( S.D. Fla. 2019) is misplaced as in that case the parties did not dispute jurisdiction and therefore the court did not conduct the constitutionally required two step jurisdictional analysis to determine if personal jurisdiction was present. "A court engages in a two-step process to determine whether personal jurisdiction exists over a nonresident defendant: "[T]he exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)

The foreign Defendant is not at home in this jurisdiction. The M/V Dream spends more time in the Bahamas than Florida and drives income from charters in the Bahamas. It derives no income from operations in Florida and does not even maintain a Florida bank account. There is no basis for the exercise of general jurisdiction over this Defendant.

**Specific Jurisdiction is not present**

The Plaintiffs response in opposition to the Motion to Dismiss fails to establish specific jurisdiction over the Defendant. The Plaintiffs allege specific jurisdiction lies by virtue of the agents acts in Florida including the signing of the Charter agreement. However Plaintiffs causes of action do not arise under contract, they are tort actions for acts committed outside of the state of Florida. The Florida long arm statute does not provide for specific jurisdiction over foreign defendants for torts committed outside of the state of Florida to foreign nationals. The long arm statute provides in pertinent part as follows:

> (a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
> Fla. Stat. § 48.193
>
> In specific personal jurisdiction cases, we apply the three-part due process test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1355 (11th Cir 2013)

The term "arise out of" has been interpreted to require a 'direct affiliation,' 'nexus,' or 'substantial connection' between the cause of action and the activities within the state" to satisfy specific jurisdiction. *St. Martinus Univ., NV v. Caribbean Health Holding, LLC*, 2020 U.S. Dist. LEXIS 33457, 2020 WL 956301, at *10 (S.D. Fla. Feb. 27, 2020) (quoting *Sun Trust Bank v. Sun Int'l Hotels Ltd.,* 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001)). In the instant matter there is no direct connection between the causes of action and activities within the state.

The cause of action for negligent hiring or supervision did not occur in Florida. The English captain, as the master of the Yacht, was in exclusive command of the vessel which is consistent with maritime law. The foreign (non-U.S.) passengers joined the Yacht in the Bahamas. The Yacht never left the Bahamian Territorial Sea during the entire Charter. The

decisions of the Captain (routing and prohibiting unsafe debarkation.) giving rise to the alleged torts are command decisions that are solely within the purview of the master. There is no connection with Florida over the false imprisonment or intentional inflictions of emotional distress claims as to the acts purportedly giving rise to those causes of action and alleged injuries occurred in foreign waters. The relatedness prong of the due process test is not satisfied.

There is no evidence Dream Holdings purposefully availed itself of the privilege of conducting activities within the forum state. The only contacts with Florida are twofold. The Yacht received repairs in Florida. But, the Charter did not originate or terminate in the State. The Charter Agreement which was to be performed in the Bahamas was signed by an agent of Dream Holdings in the State, but this does single act does not constitute purposeful availment. Signing could have occurred anywhere in the world without impacting the validity or performance of the agreement.

Moreover, the third prong of constitutional requirements of fair play and substantial justice, are not satisfied. The fair play and substantial justice analysis consider the following factors:

> (1) "the burden on the defendant"; (2) "the forum's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; and (4) "the judicial system's interest in resolving the dispute."

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1358 (11th Cir 2013)

As a corporation based in the Cayman Islands, Dream Holdings would suffer a substantial burden by having to litigate in Florida; (2) Florida has no interest in litigating this dispute that has no nexus with Florida; (3) it is unclear what interest Plaintiffs, as Canadian citizens, have in obtaining relief in Florida as they never entered the State in connection with the Charter, Plaintiffs submitted no evidence they could not receive relief under Bahamian law, and (4) the Southern District of Florida has little interest in resolving this dispute between foreign entities, claiming injuries on a foreign vessel in foreign waters.

**The Complaint is Deficient as to the Allegations against Dream Holdings**.

As set forth in the Motion to Dismiss the allegations as to the claim for negligent hiring are deficient. The mere recitation of the elements of a cause of action without facts to support it are insufficient as a matter of law. There are no facts pled as to prior act of the captain before hiring, known to the Defendant which would have made the captain unfit to be hired as captain for the vessel. The only "facts" recited regarding the captain deal with matters which arose

during the charter not prior to his retention. Similarly there are insufficient factual allegations as opposed to conclusory statements to support a claim for negligent supervision or training by the Defendant. Ahluwalia's declaration puts the matter to rest. There were no known complaints about the Captain's conduct before the Charter.

As set forth in the Motion to Dismiss the remaining causes of action are also deficient. The Plaintiffs fail to specifically identify the acts of this Defendant which give rise to the causes of action. Instead, the Complaint consists of conclusory allegations and legal assertions without factual predicate plead regarding Dream Holdings which are insufficient to state a cause of action.

**Conclusion**

Under the facts of this case, Defendant Dream Holdings is not subject to general or personal jurisdiction under Florida's long-arm statute, Federal Rule of Civil Procedure, or the United States Constitution. Dream Holdings has adduced sufficient evidence to challenge personal jurisdiction, and Plaintiffs have failed to carry its burden of producing counterevidence to substantiate a basis for jurisdiction.

Respectfully Submitted,
By: *s/ Christopher R. Fertig*
Christopher R. Fertig
Florida Bar No. 218421
Chris.fertig@fertig.com
Darlene M. Lidondici
Florida Bar. No. 516521
Email: dml@fertig
**FERTIG & GRAMLING**
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Tel. (954) 763-5020
Fax (954) 763-5412
*Attorney for Defendant Dream Holding Ltd*
*Attorney for*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on the _27_ day of December 2021 on all counsel or parties of record on the Service List below.

By: *s/ Darlene M Lidondici*
Darlene M. Lidondici
Florida Bar. No. 516521
Email: dml@fertig

## SERVICE LIST

Matthew J. Valcourt (0088791)
Valcourt and Associates, LLC
850 NE Third Street Suite 208
Dania, FL 33004
Tel : (305) 763-2891
Fax: (305) 470-7484
mvalcourt@valcourtlaw.com
*Attorneys for Plaintiff*
Edward M. Mullins (FBN 863920)
emullins@reedsmith.com
Ana M. Barton (FBN 85721)
abarton@reedsmith.com
Reed Smith LLP
1001 Brickell Bay Drive, 9th FL
Miami, FL 33131
Tel.: (786) 747-0200
*Attorneys for Nigel Burgess, Inc*

Michael J. Bowe **Pro Hac Vice to be filed*
Brown Rudnick, LLP
Seven Times Square
New York, NY 10036
Tel: (212) 209-4905
Fax: (617) 289-0513
mbowe@brownrudnick.com
*Attorneys for Plaintiff*
Richard Darst
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
Tel: 617.856.8204
Fax: 617.289.0604
rdarst@brownrudnick.com
*Attorney for Plaintiff*